UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MICHAEL-ALAN RAAVEL,

    Plaintiff,

    v.

CITY OF HOBART, *et al*.,

    Defendants.

Case No. 2:26-CV-00050-GSL-AZ

## OPINION AND ORDER

This matter is before the Court on an Emergency Motion for Temporary Restraining Order and Preliminary Injunction [DE 6] filed by Plaintiff, Michael-Alan Raavel, on March 25, 2026. Defendants, City of Hobart, William Jones, Samson Relocation & Towing LLC, and John Doe Police Officers, responded on April 7, 2026. *See* [DE 11, 13]. Plaintiff has not filed a reply and the time to do so has now passed. For the reasons set forth below, the Motion [DE 6] is **DENIED**.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed this lawsuit against the City of Hobart, the Hobart Police Department[1] and some of its officers, as well as Samson Relocation & Towing LLC ("Samson Towing"). *See* [DE 1]. Plaintiff alleges that Defendants unreasonably seized his vehicle and failed to afford him due process, which violated 42 U.S.C. § 1983. [DE 4]. He also alleges a *Monell* claim against the City of Hobart related to the events just described. [*Id*.].

On March 25, 2026, Plaintiff filed the instant emergency motion for a temporary restraining order and preliminary injunction asking the Court to order the "immediate return of his vehicle." [DE 6 at 1]. He explains that he has been deprived of his vehicle since November 7, 2025, and

---

[1] Plaintiff filed an Amended Complaint on February 20, 2026, which terminated the Hobart Police Department as a party to this action. *See* [DE 4].

has made prior attempts at obtaining it through administrative notices and in state court but has been unsuccessful. [*Id*. at 2]. Plaintiff claims that he was denied the return of his vehicle by the state court on March 20, 2026, but that the issue is set for hearing there on May 14, 2026. [*Id*.].

## LEGAL STANDARD

Temporary restraining orders are subject to the same standards as those for preliminary injunctions. *Vill. of Orland Park v. Pritzker*, 475 F. Supp. 3d 866, 878 n.4 (N.D. Ill. 2020). To obtain a preliminary injunction, a plaintiff must show that: he is likely to be successful on the merits of his claim, he will suffer irreparable harm without the issuance of a preliminary injunction, the balance of equities tip in his favor, and an injunction will serve the public's interest. *A.C. by M.C. v. Metro. Sch. Dist. of Martinsville*, 75 F.4th 760, 766–67 (7th Cir. 2023); *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020).

In showing the likelihood of success on the merits, a plaintiff "need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762; *Metro. Sch. Dist. of Martinsville*, 75 F.4th at 768. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Pritzker*, 973 F.3d at 763 (quotation marks omitted).

Next, "[i]rreparable harm occurs when [the plaintiff can establish that] the legal remedies available to [him] are inadequate." *Metro. Sch. Dist. of Martinsville*, 75 F.4th at 774 (7th Cir. 2023). Finally, "[b]efore issuing an injunction, courts are required to balance the competing claims of injury and consider the effect on each party of the granting or withholding of the requested relief[,]" which includes considering the "public consequences should the preliminary injunction be issued." *Metro. Sch. Dist. of Martinsville*, 75 F.4th 760, 774 (7th Cir. 2023).

**DISCUSSION**

As an initial matter, the Court notes that Plaintiff's Motion is primarily made up of conclusory legal statements with very few facts. Looking first to Plaintiff's likelihood of success on the merits: he claims that he can satisfy this element because Defendants seized his vehicle without a warrant, failed to provide him a meaningful pre-deprivation or post-deprivation hearing, failed to provide lawful procedures to contest the seizure, and continue to detain his vehicle unless he pays fees, which he claims is an ongoing constitutional violation. *See* [DE 6 at 2].

Defendants argue that Plaintiff's vehicle was towed by Samson Towing on November 7, 2025, because he was operating it with expired plates, without a valid vehicle registration, and without an operator's license. [DE 11 at 2]. As to Plaintiff's claim that his vehicle was seized without a warrant, Defendants argue that no warrant was required because all that was required for the seizure of the vehicle was probable cause that it was being illegally operated on a public road in Indiana. [DE 11 at 3].  Since Plaintiff did not have an operator's license or registration on November 7, 2025, he could not operate the vehicle, nor could it be operated on a public road in Indiana. Defendants maintain that Plaintiff's vehicle was considered abandoned based on these circumstances, and Ind. Code § 9-22-1-4 requires an owner of an abandoned vehicle be responsible for the costs related to its removal and storage. Finally, as to Plaintiff's claim that he was not afforded due process by way of a prompt post-deprivation hearing, Defendants argue that he was afforded a hearing before the Hobart City Court, on December 4, 2025, and he failed to appear. [DE 11 at 3].

A review of *State of Indiana v. Michael Alan Raavel*, 45H05-2511-IF-001405, shows that an infraction was filed against Plaintiff in Hobart City Court because of the events that occurred on November 7, 2025. He was charged with violating Ind. Code §§ 9-18.1-11-2(b)(2)/IFC:

3

Operating with Expired Plates; 9-18.1-4-2(b)/IFC: Failure to Provide Vehicle Registration Certificate; and 9-24-13-3(a)/IFC: No Operator's License in Possession. *See State of Indiana v. Michael Alan Raavel*, 45H05-2511-IF-001405. On December 4, 2025, a hearing was held, but Plaintiff failed to appear. *Id*. As a result, the city court entered a default judgment against Plaintiff. *Id*. This, along with the fact that Plaintiff provided the Court with only legal conclusions as to how his claim is likely to succeed on the merits, and failed to address Defendants arguments, leads to the conclusion that Plaintiff  has not established the essential element of the likelihood of success on the merits. Since Plaintiff has failed to satisfy this essential element, the Court need not evaluate whether he will suffer irreparable harm without the issuance of a preliminary injunction or balance the equities, including the public interest.  Accordingly, the request for temporary restraining order and preliminary injunction are denied.

Defendants have also requested that the Court stay this matter pending the outcome of an identical state court matter that Plaintiff has filed against them. [DE 11 at 3]. A hearing is set in that case for May 14, 2026, to address Plaintiff's request for replevin of his vehicle. [*Id*.].

A review of the state court docket in that case, reveals that Plaintiff filed a civil lawsuit against the same Defendants, Samson Towing, Hobart Police Department, and City of Hobart, on January 15, 2026, a few weeks prior to filing this matter before this Court. *See Michael Raavel v. Samson Towing and Recovery, et al*., 45D10-2601-MI-000036. Plaintiff's complaint in state court is for "Equitable Relief and Return of Property".  [*Id*.].

In determining whether to stay a federal action, the district court should first determine whether the state and federal actions are indeed parallel. *Interstate Material Corp. v. City of Chicago,* 847 F.2d 1285, 1287 (7th Cir.1988). If they are, the court should carefully balance the advantages and disadvantages of granting a stay, "with the balance heavily weighted in favor of

the exercise of jurisdiction." *Schneider Nat. Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir. 1990). The Seventh Circuit further explained that "[s]uits are parallel if substantially the same parties are litigating substantially the same issues simultaneously in two fora." *Id*. Here, there is no question that the suits are parallel. The parties are the same, the facts giving rise to each suit are the same, and the outcome of the state court suit could affect the relief sought in the matter before this Court. Moreover, Plaintiff has not opposed Defendants request to stay this case. For these reasons, the Court finds that a stay is warranted.

**CONCLUSION**

Based on the foregoing reasons, the Plaintiff's Motion [DE 6] is **DENIED**. This matter is **STAYED** pending the outcome of *Michael Raavel v. Samson Towing and Recovery, et al*., 45D10-2601-MI-000036. The Parties are **ORDERED** to file a Status Report on or before **May 29, 2026,** informing the Court of the status of the state case.

SO ORDERED.

ENTERED: April 17, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court